| Attorney or Party Name, Address, Telephone & FAX Numbers, State Bar Number & Email Address | FOR COURT USE ONLY |
|---|---|
| YOUNG K. CHANG, ESQ.    [#164906]<br>LAW OFFICES OF YOUNG K. CHANG<br>3580 Wilshire Blvd., #1405<br>Los Angeles, CA 90010<br>Tel:  213-480-1050<br>Fax: 213-480-1028<br>Email: ybklaw3@gmail.com | **FILED & ENTERED**<br><br>**JAN 18 2019**<br><br>CLERK U.S. BANKRUPTCY COURT<br>Central District of California<br>BY bakchell  DEPUTY CLERK |
| ☐ *Debtor appearing without attorney*<br>☒ *Attorney for: Debtor(s)* | **CHANGES MADE BY COURT** |

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – <u>LOS ANGELES</u> DIVISION**

| In re:<br>RENATO H HAHN and<br>LISA HAHN<br><br><br><br><br><br><br><br><br>Debtor(s). | CASE NUMBER: 2:18-bk-10171-RK<br>CHAPTER: 7<br><br>**ORDER ☐ GRANTING ☒ DENYING DEBTOR'S MOTION TO AVOID LIEN UNDER 11 U.S.C.§ 522(f) (REAL PROPERTY)**<br><br>☒ No hearing held<br>☐ Hearing held<br>DATE:<br>TIME:<br>COURTROOM:<br>ADDRESS: |

**Creditor Holding Lien to be Avoided** (*name*)*:* 10 Crowne, LLC.

The Motion was:    ☐ Opposed    ☒ Unopposed    ☐ Settled by stipulation

Pursuant to 11 U.S.C. § 522(f), Debtor moved to avoid a judicial lien on real property claimed to be exempt.  The court finds and orders as follows:

1. ☐ Notice of this Motion complied with LBR 9013-1(d).
2. ☒ Notice of this Motion complied with LBR 9013-1(o).
   a. ☒ There was no opposition and request for hearing.
   b. ☐ Hearing requested and held as indicated in the caption.
3. ☐ Motion granted as set forth in the **Attachment** to this order.

*"Bankruptcy Code" and "11 U.S.C." refer to the United States Bankruptcy Code, Title 11 of the United States Code.*
*"FRBP" refers to the Federal Rules of Bankruptcy Procedure.  "LBR" and "LBRs" refer to the Local Bankruptcy Rule(s) of this court.*

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

4. ☒ Motion denied on the following grounds:    ☐ with prejudice    ☒ without prejudice

   a. ☐ Insufficient notice

   b. ☐ Insufficient evidence of the exempt status of the property in question

   c. ☐ Failure to comply with FRBP 7004(b)(3) or FRBP 7004(h).

   d. ☒ Insufficient evidence of fair market value.

   e. **There is no competent and admissible evidence in support of the motion. The allegations of valuation of Debtors in the motion or in their bankruptcy schedules lack a detailed explanation and analysis of how they arrived at their valuation of the subject property based on scientifically accepted valuation principles (i.e., sales comparable analysis) with supporting market data, not just their say-so. Federal Rule of Evidence 701; *In re Meeks*, 349 B.R. 19, 22 (Bankr. E.D. Cal. 2006); 2 Russell, Bankruptcy Evidence Manual, Section 701:2 at 864 (2018-2019). Moreover, the sales report of the foreclosing creditor's counsel regarding the amount of sales proceeds does not demonstrate the value of the property as of the petition date, the date of valuation for impairment of the exemption. The sales price from the foreclosure on the second lien or the amount of surplus proceeds do not necessarily show the proper value of the property. This court generally requires an appraisal by a licensed real property appraiser or a licensed real estate broker or agent in a declaration of penalty of perjury based on an appropriate sales comparable analysis to support a lien avoidance motion under 11 U.S.C. § 522(f).**

   f. ☐ Motion is incomplete.

   g. ☒ Other (*specify*):

   **Debtors failed to submit admissible and credible evidence establishing some of the unavoided liens on the subject property, namely, the Ditech Financial LLC and Bank of the West liens secured by trust deeds, for determining impairment of the Debtors' homestead exemption. For evidence of these liens, Debtors only relied upon assertions in a third party title report, inadmissible under Fed. R. Evid. 901 for lack of authentication, inadmissible under Fed. R. Evid. 802 as hearsay and inadmissible under Fed. R. Evid. 602 for lack of personal knowledge. Debtors must provide admissible and competent evidence of the existence of these unavoided liens, such as properly authenticated copies of the trust deeds with recordation data.**

5. ☒ The court further orders as follows (*specify*):

   **The court grants leave to Debtors to file an amended motion to avoid lien which corrects these deficiencies within 60 days of entry of this order.**

   ☐ See attached page

###

Date: January 18, 2019

_____
Robert Kwan
United States Bankruptcy Judge

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2017*    Page 2    F 4003-2.1.AVOID.LIEN.RP.ORDER